IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MARK RICE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 8:17CV219 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Mark Rice (Rice or Petitioner) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves for summary judgment, based upon an index of evidence setting forth the underlying files and records, arguing that the petition is time barred. I agree and will dismiss the petition with prejudice. Briefly, my reasons for doing so are set forth below.

## *Undisputed Material Facts*

1.      On February 19, 2013, in the District Court of Douglas County, Nebraska, a jury found Petitioner Mark Rice guilty of voluntary manslaughter, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a prohibited person. (Filing no. 9-5 at CM/ECF p. 1.)

2.      The state district court sentenced Rice to consecutive prison sentences of 20 to 20 years for voluntary manslaughter, 10 to 20 years for use of a deadly weapon to commit a felony, and 10 to 10 years for possession of a deadly weapon by a prohibited person. (*Id*. at CM/ECF pp. 2-3.)

3.      On direct appeal, the Nebraska Court of Appeals affirmed Rice's convictions and sentences, the Nebraska Supreme Court denied Rice's petition for further review, and the mandate was issued on April 30, 2014. (Filing no. 9-1 at

CM/ECF p. 2.) Rice petitioned the U.S. Supreme Court for a writ of certiorari, which was denied on October 6, 2014. (Filing no. 9-4 at CM/ECF pp. 1-2.)

4.      On October 20, 2014, Rice filed a motion for postconviction relief in the state district court and a supplemental postconviction motion was later filed. (Filing no. 9-6 at CM/ECF pp 1, 43.) The state district court denied both motions for postconviction relief without an evidentiary hearing on March 27, 2015. (*Id*. at CM/ECF pp. 50-58.)

5.      Rice attempted to appeal the state district court's judgment, but his notice of appeal was untimely filed and the appeal was dismissed by the Nebraska Court of appeals for lack of jurisdiction. (*Id*. at CM/ECF p. 59; Filing no. 9-2 at CM/ECF p. 2.) The Nebraska Supreme Court denied Rice's petition for further review and the mandate was issued on August 24, 2015. (*Id*.)

6.      On February 25, 2016, Rice filed an application for leave to file a successive motion for postconviction relief and a motion for leave to file a successive motion for postconviction relief. (Filing no. 9-7 at CM/ECF pp. 1, 8.) On June 14, 2016, Rice filed a successive motion for postconviction relief. (*Id*. at CM/ECF p. 10.) On June 28, 2016, the state district court determined that Rice's request to file a successive postconviction motion was moot given that Rice filed his successive motion on June 14, 2016. (*Id*. at CM/ECF pp. 21-22.) On November 8, 2016, the state district court denied Rice's successive postconviction motion without an evidentiary hearing for, among other reasons, because it was time barred under state law. (*Id*. at CM/ECF pp. 23-26.)

7.      Rice appealed and the Nebraska Court of Appeals affirmed the state district court's judgment as time barred by sustaining the State's motion for summary affirmance. (Filing no. 9-3 at CM/ECF p. 2.) The Nebraska Supreme Court denied Rice's request for further review, and the mandate was issued on June 13, 2017. (*Id*.)

8.     Rice's habeas petition was filed with this Court on June 23, 2017. (Filing no. 1.)

### *Analysis*

A one-year statute of limitations applies to habeas corpus petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1).

In this case, Petitioner had until April 11, 2016, to file his habeas petition. However, he did not file the petition until June 23, 2017. Thus, the petition was late by more than 14 months. The law and the related computation works this way:

> * Fourteen days counted against Petitioner after the Supreme Court denied certiorari on October 6, 2014, but the clock stopped upon the filing of his first state post-conviction action on October 20, 2014, under the provisions of 28 U.S.C. § 2244(d)(2).
>
> * The clock started again on April 26, 2015, the day the appeal time expired under Nebraska law.[1] Petitioner's untimely notice of appeal[2] of the denial of the state post-conviction action did not stop the clock. *Evans v. Chavis*, 546 U.S. 189, 191(2006) ("The time that an application for state postconviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of

---

[1] "An order denying an evidentiary hearing on a postconviction claim is a final judgment as to that claim, and under Neb.Rev.Stat. § 25–1912 (Reissue 2008), a notice of appeal must be filed with regard to such a claim within 30 days. *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014). Failure to timely appeal from a final order prevents our exercise of jurisdiction over the claim disposed of in the order. *State v. Poindexter*, 277 Neb. 936, 766 N.W.2d 391 (2009)." *State v. Banks*, 856 N.W.2d 305, 309 (Neb. 2014).

[2] May 28, 2015 (filing no. 9-6 at CM/ECF p. 59).

a notice of appeal, *provided that the filing of the notice of appeal is timely under state law*.) (Emphasis in original.)

\* Since the clock started again on April 26, 2015, Petitioner had 351 days left on the clock. (365-14=351.) This meant that Rice had 351 days or until April 11, 2016, to file his federal petition, but he did not do so. He waited until June 23, 2017.

The second state post-conviction action filed by Petitioner is irrelevant to the statute of limitations question. This is so for two separate reasons. Initially, the AEDPA statute of limitations had already run on April 11, 2016, by the time the second post-conviction petition was filed on June 14, 2016.[3]

Furthermore, the judge denied the second and successive state post-conviction petition, for among other reasons, because the second post-conviction *action* was untimely under state law. Thus, the clock was never tolled by Petitioner's attempt for a second bite of the state post-conviction apple because the second post-conviction action was not timely filed under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2).")

Petitioner has not come close to showing any reason to toll the statute of limitations either statutorily or equitably. Moreover, he has shown nothing that would amount to a miscarriage of justice such as factual innocence. As a result, the AEDPA statute of limitations bars this action.

---

[3] I recognize that Petitioner had filed an *application* to file a successive petition for state post-conviction relief on February 25, 2016. However, the state trial judge did not grant the application but rather treated it as moot. That decision was made on June 28, 2016. (Filing no. 9-7 at CM/ECF pp. 21-22.)

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus (filing no. 1) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. A separate judgment will be filed.

DATED this 27th day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge